

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 23, 1961

Mr. Wm. J. Burke
Executive Director
State Board of Control
Austin, Texas

Dear Mr. Burke:

Opinion No. WW-983

Re: Whether the Comptroller
is authorized to pay from
an appropriation for the
construction of a building
at Goree Prison Farm an
invoice for cancellation
fee occasioned by the Board
of Control cancelling a
contract for light fixtures.

Your opinion request is in the following language:

"On April 6, 1959 bids were opened based on
a requisition from the Department of Corrections
number PS-2230-H covering a quantity of light
fixtures for use in the prison system.

"As a result of the bid and a determination
of the lowest and best bid, Purchase Order number
22484 was issued to Wholesale Electric Supply
Company, 4242 Gulf Freeway, Houston, Texas. The
total of the Purchase Order was $2,027.24.

"Following issue of the Purchase Order in the
regular manner, which included a copy of the Pur-
chase Order to the Department of Corrections, the
requisitioning agency discovered that funds allo-
cated for the purchase of such fixtures were
inadequate and the value of the Purchase Order
exceeded the amount of available funds. Therefore,
it requested that the Purchase Order be cancelled.
The vendor was contacted and he agreed to the can-
cellation of the order under the circumstances,
provided that his manufacturer, or source of supply,
had not already begun fabrication of said fixtures.
When the Wholesale Electric Supply contacted its
supplier, it found that the fixtures were already
in process of fabrication and that in order to
cancel the order it would be necessary to defray
the cost of/or reimburse the manufacturer for
work already completed in the amount of $455.76.

"According to correspondence in our file in connection with the order, the Board of Department of Corrections approved the payment of $455.76 cancellation fees, or charge, at their meeting on July 13, 1959.

"There is now some question as to whether or not, in view of the above circumstances, the Comptroller is authorized to pay such cancellation billing, since actually no merchandise was received, but that the charge of $455.76 actually represents a service charge for the cancellation of merchandise ordered exceeding available appropriations.

"The invoice for the cancellation fee of $455.76 has been submitted to us for payment and/or processing; therefore, our question is:

'Can such a charge be legally paid from monies appropriated to the Department of Corrections under such above described circumstances?'

"Your formal opinion at the earliest possible date will be appreciated."

Considerable more light is thrown on this situation by letter from Mr. O. B. Ellis, Director of the Texas Department of Corrections, the applicable portions of which we quote:

". . . Our Mr. A. G. McKain, Assistant Director in charge of construction and maintenance, came to me with a statement that he had checked the price of the light fixtures specified by the architect for the chapel at Goree with the Wholesale Electric Supply Company in Houston and had received an estimated cost of $230 each. I told Mr. McKain that we could not afford to spend $230 each for light fixtures and to contact the architect and ask for specifications on a cheaper fixture. The architect told Mr. McKain that the light fixtures in question could be purchased from a Dallas firm for $82.50 each plus 10 percent. I told him to go ahead with the requisition. The requisition was processed here and sent to the State Board of Control in Austin giving the Dallas firm as a reference (Southern Electric Company). For some reason, the Dallas firm did not bid. Either they were not mailed the bid request, or else it was misplaced by them. The bids were received and the order was let to the Wholesale Electric Supply Company of Houston at $222 each.

"Mr. McKain called this to my attention and I told him it wouldn't do. We then called the Wholesale Electric Supply Company about cancelling the order. They told Mr. McKain that these were special manufactured fixtures, that work had already been started on the order, and that there would be a charge of 30 percent of the manufactured cost ($455.76) cancellation charge. We passed all this information on to the Board of Control. As a result the original order amounting to $1,776 was cancelled and an order placed with the Southern Electric Company of Dallas for a total of $726."

In H.B. 133 the 55th Legislature, Regular Session, appropriated $300,000.00 in a lump sum for buildings on eight prison farms, including three buildings at Goree Prison Unit. Under the terms of the bill the Governor divided this between the several farms, awarding $200,000.00 for the buildings at Goree. This was broken down by Prison Board and an allocation of $1,133.80 for light fixtures was made.

Mr. Burke, in his opinion request, aptly raises the question we must answer when he says: "There is some question as to whether . . . the Comptroller is authorized to pay such cancellation billing since actually no merchandise was received," and he concludes with the question: "Can such a charge be legally paid from monies appropriated to the Department of Corrections under such above described circumstances?"

Whether Wholesale Electric Co. has a cause of action against the State for breach of contract we are not here called upon to say. If they do, they have their remedy. However, a diligent search fails to reveal any statutory authorization for either the Board of Control or the Board of the Department of Corrections to bind the State by settling a claim for damages, nor is there any authority for either to make a contract binding the State to pay a cancellation fee.

The State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by law. 38 Tex.Jur., page 636, citing State v. Perlstein, 79 S.W.2d 143; Nichols v. State, 32 S.W. 452; and State v. Ragland, 138 Tex. 393, 159 S.W.2d 105.

On your inquiry as to whether this cancellation charge may be legally paid from monies appropriated for construction of the buildings at Goree Prison Farm, it is obvious that no damage claims were anticipated or in the contemplation

of the Legislature when this appropriation was made. It is, therefore, our opinion and we so hold that your question should be answered in the negative.

### S U M M A R Y

The Comptroller may not legally pay the invoice for cancellation fee based upon the cancellation by the Board of Control of an order for electric light fixtures in building at Goree Prison Farm, from the appropriation in H.B. 133 of the 55th Legislature.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. Ray Scruggs
Assistant

WRS:vj

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Houghton Brownlee

Tom I. McFarling

B. H. Timmins, Jr.

John Webster

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore